UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9552 CAS (AGRx) | | Date | January 26, 2010 |
|---|---|---|---|---|
| Title | TYLER DAVIS v. FEDERAL DEPOSIT INSURANCE CORPORATION, ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| PAUL D. PIERSON | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers)
**ORDER TO SHOW CAUSE RE: WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On January 5, 2010, plaintiff Tyler Davis filed the instant action against Federal Deposit Insurance Corporation ("FDIC"); 1st Centennial Bank; Tom Viscounty; Mark Winn; and Does 1 through 10. Plaintiff alleges claims for (1) money due on contract; (2) foreclosure of mechanic's lien; (3) open book account; and (4) for reasonable value of labor and materials furnished. According to plaintiff, he is the assignee of the claims of Gregory Mark Mitchell ("Mitchell"), who was allegedly hired to perform home improvement work on a property that defendant 1st Centennial Bank acquired through a foreclosure proceeding. Plaintiff alleges that FDIC is the receiver of 1st Centennial Bank. The gravamen of plaintiff's complaint is that defendants owe a balance of $35,278.65 on the original labor contract. Compl. ¶ 12.

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. V. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. As to the second prong, the issue turns on whether the complaint includes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9552 CAS (AGRx) | Date | January 26, 2010 |
|---|---|---|---|
| Title | TYLER DAVIS v. FEDERAL DEPOSIT INSURANCE CORPORATION, ET AL. | | |

"allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

Jurisdiction founded on diversity requires that parties be in complete diversity and the amount in controversy exceed $75,000. Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("the district courts shall have original jurisdiction of all civil actions where the matter of controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ."). Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a), 1332(c)(1).

In the instant case, plaintiff does not make any claims that there exists a federal question, or that there is diversity between the parties, pursuant to 28 U.S.C. § 1332(a)(1), and that the amount in controversy exceeds $75,000. As such, the Court lacks jurisdiction to hear the instant case unless plaintiff provides a basis for jurisdiction. Accordingly, plaintiff is hereby ORDERED to SHOW CAUSE on or before **February 10, 2010**, why the instant action should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | : | n/a |
|---|---|---|
| | Initials of Preparer | PDP |